UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY LYNN JAVISNKY-OLTHOFF,

    Plaintiff,

                                                         Case No. 21-11012
v.                                                   Honorable Linda V. Parker

COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S AUGUST 9, 2022 REPORT AND RECOMMENDATION (ECF NO. 18), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16), AND AFFIRMING ADMINISTRATIVE DECISION**

On May 5, 2021, Plaintiff filed this lawsuit challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for social security benefits. On the same date, the matter was referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 14, 16.)

On August 9, 2022, Magistrate Judge Patti issued an R&R recommending that this Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion, and affirm the Commissioner's decision. (ECF No. 18.) At the conclusion of the R&R, Magistrate Judge Patti advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 1935-36.) Plaintiff filed objections on August 23. (ECF No. 19.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In her objections to the R&R, Plaintiff argues that Magistrate Judge Patti incorrectly found that she did not meet her burden of proving that her conditions

met the requirements of a listed impairment, specifically Listing 1.02.  This was the same argument, based on the same records, that Plaintiff raised in her summary judgment motion, although directed there at the Administrative Law Judge's findings.  (ECF No. 14 at Pg ID 884, 886, 875-76.)  Magistrate Judge Patti fully explained why the records fail to demonstrate a lack of substantial evidence for the ALJ's finding that Plaintiff's impairment did not meet or medically equal Listing 1.02.  Magistrate Judge Patti provided a careful and adequate analysis for why the records, despite reflecting that Plaintiff uses a walker, do not demonstrate an "inability to ambulate effectively"—i.e., "an *extreme limitation* on the ability to walk"—without one.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(b)(1) (emphasis added).  The Court concurs with that analysis.

The disability placard, while reflecting that Plaintiff uses a walker, does not establish that she needs the walker or the circumstances for which it is needed.  Similarly, the medical records document that Plaintiff's uses a walker but not the necessity for one or that, without a walker, Plaintiff is unable to ambulate effectively.  In contrast, the records reflect that Plaintiff was able to walk without an assistive device, albeit "with a guarded gait[.]"

For these reasons the Court rejects Plaintiff's objection to the R&R and is adopting Magistrate Judge Patti's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: September 7, 2022